# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE DANIEL RENDON,<br>Petitioner,<br>v.<br>JERRY OURIQUE,<br>Respondent. | Case No. 1:26-cv-00544-JLT-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS IN PART, DENY PETITIONER'S MOTION FOR RHINES STAY, DISMISS CLAIMS THREE AND FOUR OF THE PETITION, AND ALLOW PETITIONER TO PROCEED WITH CLAIMS ONE AND TWO<br><br>(ECF Nos. 9, 11, 13) |

Petitioner, represented by counsel, is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.
## BACKGROUND

Petitioner was convicted by a jury in the Fresno County Superior Court of three counts of lewd act upon a child under the age of fourteen. The jury also returned true findings on the multiple-victims enhancement. Petitioner was sentenced to consecutive indeterminate terms of twenty-five years to life on the three counts, for an aggregate imprisonment term of seventy-five years to life. (ECF No. 1 at 2–3.[1]) On December 19, 2024, the California Court of Appeal, Fifth Appellate District affirmed the judgment. On February 27, 2025, the California Supreme Court denied the petition for review. (Id. at 3.) On July 29, 2025, Petitioner filed a petition for writ of

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

habeas corpus in the Fresno County Superior Court, which denied the petition on October 15, 2025. (ECF No. 8-5.)

On January 22, 2026, Petitioner filed the instant federal petition for writ of habeas corpus raising the following claims for relief: (1) prosecutorial misconduct; (2) erroneous admission of expert testimony on Child Sexual Abuse Accommodation Syndrome; (3) ineffective assistance of trial counsel; and (4) actual innocence. (ECF No. 1 at 9–11.) On April 16, 2026, Respondent filed a motion to dismiss the petition because it includes unexhausted claims. (ECF No. 9.) Petitioner filed an opposition, Respondent filed a reply, and Petitioner has moved for a stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005). (ECF Nos. 11–13.)

## II.

## DISCUSSION

### A. Exhaustion

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

In the motion to dismiss, Respondent asserts that Claims Three and Four of the petition are unexhausted. (ECF No. 9.) Petitioner contends that while "certain claims are still in the process of state court review, dismissal is not warranted under these circumstances. Instead, the appropriate remedy is a stay and abeyance to permit Petitioner to complete exhaustion in the California courts while preserving federal review." (ECF No. 11 at 2.)

### B. Stay

Petitioner has moved for a stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005). (ECF No. 11 at 3; ECF No. 13.) Under Rhines, "stay and abeyance" is available only in "limited

circumstances," and only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. Rhines, 544 U.S. at 277–78. "The caselaw concerning what constitutes 'good cause' under Rhines has not been developed in great detail." Dixon v. Baker, 847 F.3d 714, 720 (9th Cir. 2017). "The Supreme Court has addressed the issue only once, when it noted that a 'petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court.'" Blake v. Baker, 745 F.3d 977, 980 (9th Cir. 2014) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005)).[2] The Ninth Circuit has "held that good cause under Rhines does not require a showing of 'extraordinary circumstances,' Jackson v. Roe, 425 F.3d 654, 661–62 (9th Cir. 2005), but that a petitioner must do more than simply assert that he was 'under the impression' that his claim was exhausted, Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008)." Dixon, 847 F.3d at 720.

The Ninth Circuit has held "that a district court does not abuse its discretion by considering a petitioner's diligence in pursuing his state court remedies after he files his federal petition when evaluating good cause under *Rhines*." Banks v. Allison, 140 F.4th 1181, 1187 (9th Cir. 2025), cert. denied sub nom. Banks v. Pierce, 146 S. Ct. 2772 (2026). In fact, a "district court *must* consider a petitioner's diligence (or lack thereof) in pursuing his state court remedies after he files his federal petition" when evaluating good cause under Rhines and would "err[]" in "not consider[ing] it." Banks, 140 F.4th at 1187, 1192 (emphasis added). In Banks, the Ninth Circuit held that the district court did not err in denying a Rhines stay where the pro se petitioner "did not attempt to exhaust his state court remedies for fifteen months after filing his federal petition despite being informed that some of his claims were unexhausted." Banks, 140 F.4th at 1192.

Petitioner argues that as "Claims Three and Four involve allegations of ineffective assistance of counsel and actual innocence that depend upon matters outside the appellate

[2] In Pace, the Supreme Court noted that a solution to the "predicament" of "a 'petitioner trying in good faith to exhaust state remedies . . . litigat[ing] in state court for years only to find out at the end that he was never "properly filed,"' and thus that his federal habeas petition is time barred" is "filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." 544 U.S. at 416 (citations omitted).

record[,]" "[t]he need for factual development outside the trial record provides a reasonable basis for pursuing these claims through collateral proceedings and supports a finding of good cause." (ECF No. 13 at 3.) However, Petitioner has "provided no explanation for what possible facts he would need to develop," and given that Petitioner already filed a state habeas petition in the Fresno County Superior Court in July 2025 that presumably raised Claims Three and Four, "any possible information that petitioner would have needed to pursue th[ese] claim[s] in state court has been known to petitioner for some time." Marsh v. Janda, No. CV 13-2227-CJC (SP), 2016 WL 4545323, at *6 (C.D. Cal. July 28, 2016), report and recommendation adopted, 2016 WL 4544326 (C.D. Cal. Aug. 31, 2016). See Banks, 140 F.4th at 1184 (noting that in recommending denial of stay, magistrate judge found petitioner "fail[ed] to explain why he was able to present his claims to [the federal district court] without gathering additional evidence but [was] unable to present those same claims to the California Supreme Court" (alterations in original) (internal quotation marks omitted)).

Here, it has been over nine months since Petitioner filed his federal habeas petition and one year since the Fresno County Superior Court denied relief on October 15, 2025. Although Petitioner asserts that on "April 14, 2026, counsel mailed Petitioner a completed habeas corpus petition for filing in the California Court of Appeal . . . for review, signature, and return prior to filing[,]" there is no record of Petitioner filing a state habeas petition in the California Court of Appeal more than six months later.[3] (ECF No. 13 at 3.) The Ninth Circuit found a failure to act to exhaust state remedies for an eight-month period "weighs against good cause even if [a petitioner] was unrepresented in his appeals." Banks, 140 F.4th at 1191. Here, Petitioner is represented by counsel and has failed to act in over nine months. Such delay weighs against good cause.

---

[3] Appellate Case Information, California Courts, https://appellatecases.courtinfo.ca.gov/search.cfm?dist=5 (search by "Last Name" for "Rendon") (last visited Nov. 3, 2026). See Fed. R. Evid. 201(b)(2); U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e 'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'") (quoting St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (10th Cir. 1979)); Worthy v. Hartley, No. 1:09-cv-01867-JLT HC, 2010 WL 1339215, *3 n.2 (E.D. Cal. Apr. 2, 2010) ("[T]he internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court are subject to judicial notice.").

Based on the foregoing, the Court recommends finding that Petitioner has failed to establish "good cause" for his failure to exhaust Claims Three and Four, and thus, a Rhines stay is not warranted.

### C. Mixed Petition

"Federal courts may not adjudicate mixed habeas petitions, that is, those containing both exhausted and unexhausted claims." Henderson v. Johnson, 710 F.3d 872, 873 (9th Cir. 2013). The Court must dismiss without prejudice a mixed petition containing both exhausted and unexhausted claims to give a petitioner an opportunity to exhaust the claims if he can do so. Lundy, 455 U.S. at 522. However, a petitioner may, at his option, withdraw the unexhausted claims and go forward with the exhausted claims. See Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir. 2000) ("[D]istrict courts must provide habeas litigants with the opportunity to amend their mixed petitions by striking unexhausted claims as an alternative to suffering dismissal.").[4] Petitioner may move to withdraw the entire petition and return to federal court when he has finally exhausted his state court remedies.[5]

## III.

## RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 9) be GRANTED IN PART;
2. Petitioner's motion for Rhines stay (ECF Nos. 11, 13) be DENIED;
3. Unexhausted Claims Three and Four be DISMISSED without prejudice; and
4. Petitioner be allowed to proceed with exhausted Claims One and Two unless he elects to withdraw the entire petition and return to federal court when he has finally exhausted his state court remedies.

///

---

[4] The Court notes that "prisoners filing mixed petitions may proceed with only the exhausted claims, but doing so risks subjecting later petitions that raise new claims to rigorous procedural obstacles," such as the bar against second or successive petitions. Burton v. Stewart, 549 U.S. 147, 154 (2007).

[5] Although the limitation period tolls while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it does not toll for the time a federal habeas petition is pending in federal court. Duncan v. Walker, 533 U.S. 167, 181–82 (2001).

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 4, 2026**

STANLEY A. BOONE
United States Magistrate Judge